UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DISCOUNT VIDEO CENTER, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 12-10805-NMG |
| DOES 1-29, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER

July 5, 2012

SOROKIN, C.M.J.

On May 7, 2012, Plaintiff filed an Emergency Motion for Discovery. (Docket #5). Plaintiff sued 29 John Doe defendants for copyright infringement based on their alleged trading of the exact same file of the copyrighted work without authorization in related transactions through BitTorrent software. Plaintiff requested the identities of all John Doe defendants from their respective Internet Service Providers ("ISPs"), and sought a court order directing the ISPs to disclose the subscriber's personally identifiable information, subject to an opportunity for the Does to object prior to disclosure occurring. On May 8, 2012, the Court granted the motion. (Docket #7). On June 6, 2012, Defendant John Doe 2 filed a Motion to Quash or Modify Subpoena and Motion to Dismiss. (Docket #8).

Pursuant to Federal Rule of Civil Procedure 45, a court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a

party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regular transacts business in person . . . ; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3).

John Doe 2 raises three main arguments in his motion. First he claims that there is insufficient information to tie the identified registered owner of the identified IP address to the copyright infringer. Second, John Doe 2 asserts that Plaintiff is engaging in a bad faith fishing expedition and has no interest in actual litigation and is, instead, seeking to obtain as much settlement money as possible. Lastly, John Doe 2 argues that the joinder of the 29 defendants was improper.

Certainly, the evidence and allegations presented by the Plaintiff do not establish that the registered owner of the identified IP address through which the alleged copyright infringement occurred was the person performing the infringement. However, at this stage of the litigation, Plaintiff requires only a sufficient basis to satisfy the requirements of Federal Rule of Civil Procedure 11 and support his request for disclosure under the applicable discovery rules. Plaintiff meets these standards.

The Complaint describes the John Does as the infringers: "Each Defendant is known to Plainitiff only by the Internet Protocol ("IP") address assigned to that Defendant by his, her or its Internet Service Provider on the date and at the time at which the infringing activity of each Defendant was observed." (Docket # 1 at ¶ 7). Thus, this aspect of the complaint clears the Rule 11 hurdle.[1]

---

[1] While this is the better reading of the Complaint, the pleading is not a model of clarity on this point. See Docket #1 at ¶ 3 ("[E]ach Defendant contracted with an Internet Service

2

While the discovery request focuses on the subscriber's identity rather than directly upon the identity of the infringer, in this case, that is permissible. In civil cases, parties may take discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense–including the . . . location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). As owner of the IP address through which the alleged infringement occurred, Plaintiff may reasonably assert that John Doe 2 will, at least, have knowledge of the identity or location of persons who know of any discoverable matter, e.g., the names and related information of the other users, if any, of the IP address during the relevant time period. Thus, whether or not Plaintiff has sufficient information to connect subscriber John Doe 2 to the alleged infringer using this Doe's IP address does not preclude the discovery sought.

With respect to the bad faith argument, John Doe 2 has provided no specific evidence that the Plaintiff in this case is proceeding in bad faith. Plaintiff has responded to John Doe 2' s motion on the merits and appears willing to litigate. Any argument to the contrary is speculative at this juncture.

---

Provider (ISP) found in this District to provide each Defendant with access to the Internet"). Whether the Plaintiff may assert that the subscriber, without more, is the infringer presents a closer question. In the criminal context courts have authorized searches based upon evidence similar to that alleged here. See, e.g., United States v. Perez, 484 F.3d 735, 740 (5th Cir. 2007) (holding that there was a substantial basis to conclude that evidence of criminal activity would be found at the residence of the registered owner of the IP address over which child pornography had been viewed, "though it was possible that the transmissions originated outside of the residence to which the IP address was assigned, it remained likely that the source of the transmissions was inside that residence."). However, in the criminal search warrant context the focus is on the subscriber's location rather than the subscriber. In light of the frequent sharing of IP addresses by family members, roommates, and co-workers, whether knowledge of a subscriber's identity, without more, may sustain a claim for infringement against the subscriber presents a different question not requiring resolution in this motion.

Pursuant to Federal Rule of Civil Procedure 20, persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Plaintiff has alleged that Does 1-29 were part of a BitTorrent swarm that infringed upon Plaintiff's rights by collectively downloading and distributing the exact same file of its copyrighted work. In Liberty Media Holdings, LLC v. Swarm Sharing Hash File, 821 F. Supp. 2d 444, 451 (D. Mass. 2011), Judge Young found that this was sufficient to satisfy the "same transaction or occurrence" requirement of permissive joinder. With respect to the second requirement, common questions of law exist in that the claims asserted against Does 1-29 are identical. Additionally, because Plaintiff alleges use of the BitTorrent protocol in infringing its copyright, the factual inquiry into the method of infringement will be the same as to each Defendant. These same considerations were present in Liberty Media. Thus, while "certain defendants may later present different factual circumstances to support individual legal defenses, at this stage in the litigation, joinder is proper based on the common questions of law and fact identified." Id.

Accordingly, the Motion to Quash or Modify Subpoena and Motion to Dismiss (Docket #8) is DENIED.

      /s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE