UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
DISCOUNT VIDEO CENTER, INC.,        )
                                    )
            Plaintiff,              )
                                    )
v.                                  )     Civil Action No. 12-10805-NMG
                                    )
DOES 1-29, et al.,                  )
                                    )
            Defendants.             )
_____)

REPORT AND RECOMMENDATION ON
MOTION TO DISMISS OF JOHN DOE NO. 2

August 10, 2012

SOROKIN, C.M.J.

On June 6, 2012, Defendant John Doe No. 2 filed a Motion to Quash or Modify Subpoena and Motion to Dismiss. Docket # 8. That motion to quash (and other such pending motions) are the subject of a separate Order issued this date. Docket # 31. As described therein, the Plaintiff has stated unconditionally both in pleadings and at the hearing on the motions to quash that the Defendants in this case are not the subscribers to the IP addresses detailed in Exhibit A to the Complaint, but rather the alleged infringers of the Plaintiff's copyright who utilized those IP addresses (but who may or may not be the same individuals as the subscribers). See Order on Motions to Quash at 4-10. Given this position, which the Court accepts, John Doe No. 2 is not presently a Party, but rather a third party from whom the Plaintiff seeks discovery, and he or she does not have standing to seek dismissal.

For that reason, I RECOMMEND that the Court DENY the motion to dismiss as

MOOT.[1]

          /s / Leo T. Sorokin
Leo T. Sorokin
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] The Parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).