## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

**DISCOUNT VIDEO CENTER, INC.**

*Plaintiff,*

v.

**DOES 1 – 29**,

*Defendants.*

---

CIVIL ACTION No.: 1:12-cv-10805

[PROPOSED] **Protective Order and Order Granting Plaintiff's Renewed Motion for Early Discovery.**

Upon consideration of plaintiff's Emergency Motion to Take Early Discovery, plaintiff's supporting memorandum, plaintiffs Motion is hereby **GRANTED** as follows:

1. **IT IS HEREBY ORDERED** that Plaintiff may immediately serve a Rule 45 subpoena on the ISPs listed in Exhibit A to the Complaint to obtain information to identify subscribers, specifically her or his name, address, MAC address, and email address. The subpoena shall have a copy of this order attached.

2. **IT IS FURTHER ORDERED** that the ISP will have 60 days from the date of service of the Rule 45 subpoena upon them to serve with a copy of the subpoena and a copy of this order. The ISPs may serve subscribers using any reasonable means, including written notice sent to her or his last known address, transmitted either by first-class mail or via overnight service.

3. **IT IS FURTHER ORDERED** that subscribers shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motions with this Court contesting the subpoena (including a motion to quash, modify the subpoena, or protective order), as well as any request to litigate the subpoena

anonymously. The ISPs may *not* turn over the subscribers' identifying information to Plaintiff before the expiration of this 60-day period. Additionally, if a defendant or ISP files a motion to quash the subpoena, the ISPs may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an Order instructing the ISPs to resume in turning over the requested discovery.

4. **IT IS FURTHER ORDERED** that if that 60-day period lapses without a subscriber or ISP contesting the subpoena, the ISPs shall have 10 days to produce the information responsive to the subpoena to Plaintiff. A subscriber or ISP who moves to quash or modify the subpoena, for a protective order, or to proceed anonymously, shall at the same time as her or his filing also notify all ISPs so that the ISPs are on notice not to release any of the subscribers contact information to Plaintiff until the Court rules on any such motions.

5. **IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

6. **IT IS FURTHER ORDERED** that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purposes of protecting Plaintiff's copyrights and related to this litigation.

7. **IT IS FUTHER ORDERED** that if Plaintiff has a good faith basis to seek leave to amend the Complaint to name subscriber as Doe defendant, Plaintiff must serve motion for leave upon such subscriber.

8. **IT IS FUTHER ORDERED** that if Plaintiff has a good faith basis for other claims or actions against a subscriber, which are not currently in the Complaint, Plaintiff

may dismiss Doe(s) directly associated to the subscriber. Plaintiff may then choose to file Complaint against subscriber for those other claims or actions.

9. **IT IS FUTHER ORDERED** each person who receives access to the protected information after information has been forwarded to subpoena agent shall agree to abide by the terms of this Order and shall sign the form seen in **Appendix B** to this Order (acknowledging receipt of the Order and understanding of its terms). The signatures shall be maintained by Counsel for the Plaintiff for a minimum of three years, and shall also be confidential and privileged, and for attorneys' eyes only.

10. **IT IS FUTHER ORDERED** that Plaintiff is granted an enlargement of time to serve Complaint upon Defendants. The time period to serve Complaint will be 120 days from date of this Order.

11. **IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this Order along with the Court-Directed Notice in **Appendix A** to this Order, and with any subpoenas issued pursuant to this order to the listed ISPs.


**SO ORDERED**


Dated:                              _____

# APPENDIX A

**COURT-DIRECTED NOTICE REGARDING ISSUANCE OF SUBPOENA**

A subpoena has been issued directing your Internet Service Provider ("ISP"), to disclose your name. The subpoena has been issued because your Internet service has been identified for infringing copyrights by uploading and/or downloading a movie made by Plaintiff. This notice is intended to inform you of some of your rights and options.

YOUR NAME HAS NOT YET BEEN DISCLOSED. YOUR NAME WILL BE DISCLOSED IN 60 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA

The movie studio Plaintiff has given the Court sufficient information about alleged infringements of Plaintiff's copyright in its movie to obtain a subpoena to identify you as a possible infringer. The Court has not yet decided that an infringement has actually occurred using your Internet service or who is liable for such infringement, whether it be you or someone else who used your Internet service, or both. In this regard, however, even if you are not the person who committed or is otherwise liable for such infringement, you, as the Internet service subscriber, are the person who is currently known to have the best knowledge regarding who that alleged infringer is.

You can challenge the subpoena in Court. You have 60 days from the date that this notice is sent to file a motion to quash, vacate the subpoena, or other motion related to the subpoena. If you file a motion to quash the subpoena properly, your identity will not be disclosed until the motion is resolved.

You, of course, may consult with your own attorney. The second page of this notice can assist you in locating an attorney, and lists other resources that may be of help to you.

You are not required to do anything at this time. However, if you do not file a motion to quash, or other such motion pertaining to the release of your information at the end of the 60-day period your ISP will send to Plaintiff's counsel your identification information.

OTHER ISSUES REGARDING THE LAWSUIT

The movie studio Plaintiff may be willing to discuss the possible settlement of its claims against those persons who would like to resolve the matter by settlement. The parties may be able to reach a settlement agreement without names appearing on the public record. However, people may be asked to disclose their identity to the movie studio if they seek to pursue settlement. If a settlement is reached, your participation in this case will likely no longer be necessary. It is possible that persons who seek to settle at the beginning of a case will be offered more favorable settlement terms by the movie studio Plaintiff. You may contact the movie studio Plaintiff's representatives by phone at (413) 268-6500, by fax at (413) 268-6500, or by e-mail at contact@marvincable.com.

As noted above, you may wish to find and consult with your own lawyer (see resource list below) to help you evaluate the legal issues in this lawsuit.

RESOURCE LIST

The organizations listed below provide guidance on how to find an attorney. If you live in or near Massachusetts or Boston, the second and third listings below provide referrals for local attorneys.

Massachusetts Bar Association

http://www.massbar.org

Lawyer referral service: (617) 33 8-0610

Boston Bar Association

http://www.bostonbar.org

Lawyer referral service: (617) 742-0625

The organizations listed below have appeared before other courts around the country in similar lawsuits as "friends of the court" to attempt to protect what they believe to be the due process and *First* Amendment rights of Doe defendants.

Electronic Frontier Foundation 454 Shotwell Street San Francisco, California 941 10-1914 E-mail: information@eff.org

Public Citizen 1600 20th Street, NW Washington, DC 20009 Phone: (202) 588-7721 E-mail: litigation@citizen.org

# APPENDIX B

**RECEIPT AND ACKNOWLEDGEMENT AGREEMENT**

If you have access to information discovered pursuit Court Order for the case *Discount Video Center, Inc. v. Does 1 – 29*, Civil Action No. 1:12-cv-10805 (D. Mass.), print your name below.  Next to your name, if you have received, understand, and agree to abide by the terms of the *Protective Order and Order Granting Plaintiff's Renewed Motion for Early Discovery*, please sign your name and date of signature below. This document will be maintained by the Attorney for Plaintiff, DISCOUNT VIDEO CENTER, INC.

| Name | Signature | Date |
|------|-----------|------|
|      |           |      |
|      |           |      |
|      |           |      |
|      |           |      |
|      |           |      |
|      |           |      |
|      |           |      |
|      |           |      |
|      |           |      |
|      |           |      |