# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**DISCOUNT VIDEO CENTER, INC.,**

    *Plaintiff,*

v.

**DOES 1 – 29**,

    *Defendants.*

CIVIL ACTION No.: 1:12-cv-10805

**Dismissal without Prejudice of Specific Doe**

**1.    Dismissal.**

Plaintiff dismisses *without* prejudice Doe 22, with the IP address 76.119.47.81, from the above-identified action

**2.    Dicta.**

In light of the current state of affairs, Plaintiff's Counsel finds it essential to elucidate a few things to the Court. First, Counsel wants to be absolutely clear that it is with great pains that Counsel burden the federal judiciary with more paperwork, and would abstain from doing so if it was not entirely necessary; however, this is no simple gripe, nor emotional retort to latest filing by Counsel on behalf Doe 22 ("Perkins"). Perkins has repeatedly violated a significant local rule, and these reoccurring violations need to be addressed.

Local Rule 7.1(a)(2):

No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue.

Embedded within this rule is a vital principle to the process of the Law: judicial resources are a precious commodity. Yet, opposing Perkins' repeated violations has shown no respect for this commodity.

Imagine, the surprise of my phone receptionist when Attorney Perkins actually tries to convince him to take part in resolving or narrowing the issues without me, something my receptionist is neither qualified, nor in good faith allowed to do. When Plaintiff finally was able to communicate with Perkins, Perkins still failed to resolve or narrow the issues in good faith.

Most importantly, Plaintiff's counsel told Perkins that his client was to be dismissed in the very short future, and that there is no need to burden the Court with his motion to dismiss. Plaintiff told Perkins that Plaintiff would be filing a Complaint against his client individually. Plaintiff's counsel even offered Perkins a copy of the future Complaint to be used in the future against his client in order to validate Plaintiff's intentions to dismiss client and file another case. Perkins was unwilling to review the document. Plaintiff's Counsel asked Perkins if there were any deadlines or pressing reasons to file a motion to dismiss, Perkins further answered in the negative. Perkins filed the Motion to Dismiss regardless of this knowledge, in effect spending this Court's resources in an attempt to extend his case, not to see justice.

Further, if Perkins had made a good faith attempt to resolve or narrow the issue, he would have found that the exhibits he submitted were *updated* letters, made to conform to the concerns of *this* Court. Specifically, the demand letters

were changed to focus on settling with the infringer. He would have found that Attorney Cable was not committing fraud on the Court.[1]

Plaintiff's Counsel won't elaborate on the various other obfuscations practiced by Perkins; nevertheless, any attempts by Plaintiff's Counsel to have this resolved outside the court, and not at the Court's expense, has been impeded *continuously* by Perkins. In past interactions, Plaintiff's Counsel has been willing to accept Perkins unwillingness to resolve or narrow the issues in good faith, but only in order to give him the benefit of the doubt that he do so in the future or was limited in doing so in the past; however, with this most recent filing—seeking to dismiss the case attempting to make an argument for which he is himself in infraction of — Plaintiff's Counsel must take aim.

The Court will be happy to know, his subterfuge, while disappointing, is not common amongst most attorneys. Most attorneys will converse, even over a period of days, send documents back and fourth, and even settle cases, if not simply because they are accessible, but certainly because they are diligent, following Local Rule 7.1(a)(2). Perkin's attempt to act like a hero, are nothing more than ill-conceived performance by mountebank.

---

[1] There were three demand letters submitted by Perkins, as Exhibits. These Exhibits came from two separate people – two of the letters were from one person. One person is in three of Attorney Cable's lawsuits. These two Does will be dismissed from other lawsuits and filed against individually, similar to Doe 22. Plaintiff submits Exhibit A to show the infringements all Plaintiffs plan on litigating on.

Date: September 11, 2012                    Respectfully submitted,

*Marvin Cable*
Marvin Cable, BBO#:  680968
Law Offices of Marvin Cable
P.O. Box 1630
Northampton, MA 01061
E: law@marvincable.com
P: (413) 268-6500
F: (888) 691-9850

Attorney for Plaintiff,
«STUDIO_NAME»

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2012, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

*Marvin Cable*
Marvin Cable, Esq.